IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CURTIS LEE MORRISON,                    No. C-14-00006 TEH (PR)

      Petitioner,                        ORDER OF DISMISSAL

   v.

GARY SWARTHOUT, Warden,

      Respondent.
_____/

Curtis Lee Morrison, a state prisoner incarcerated at California State Prison - Solano, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the January 17, 2013 denial of parole by the Board of Parole Hearings ("Board"). Respondent has filed a motion to dismiss Petitioner's amended habeas petition as untimely and/or unexhausted. Docket No. 7. Petitioner has filed an opposition and Respondent has filed a reply. For the foregoing reasons, Respondent's motion is GRANTED.

I

In 1974, a Contra Costa County jury found Petitioner guilty of first degree murder, assault on a peace officer, and two

counts of gun possession by a convicted felon. Docket No. 1 at 2. Petitioner was sentenced to an indeterminte sentence of seven years to life, with a minimum eligible parole date ("MEPD") in 1981. Id. On January 17, 2013, the Board denied parole for a period of seven years. Docket No. 1 at 3.

Petitioner filed two habeas petitions challenging his 2013 parole denial in the state trial courts. The first state habeas petition was filed in Contra Costa County Superior Court and denied on August 23, 2013 in a reasoned opinion. Docket No. 1-1 at 15-18. Petitioner appealed the denial to the California Court of Appeal, which denied his habeas petition on October 7, 2013. The California Supreme Court denied the related petition for review on November 26, 2013.

The second state habeas petition challenging the 2013 parole denial was filed in Solano County Superior Court on October 18, 2013. Docket No. 1-1 at 24 and Docket No. 8 at 45. On December 11, 2013, the Solano County Superior Court transferred the petition to the Contra Costa County Superior Court because "[h]abeas claims concerning the denial of parole should be heard in the superior court in the county in which the conviction and sentence arose." Docket No. 8 at 45. It appears that Petitioner did not appeal this denial to the California Court of Appeal or seek review of the denial in the California Supreme Court.

On January 2, 2014, Petitioner filed the instant federal petition containing the following cognizable claims: (1) the January 17, 2013 denial of parole renders his sentence disproportionate to his crime, in violation of the Eighth Amendment's prohibition

2

against cruel and unusual punishment; and (2) in denying parole, the Board retroactively applied amended parole statutes and regulations, in violation of the Ex Post Facto Clause.  Docket Nos. 1 and 4.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has imposed a one-year statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which:  (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

Before filing a habeas petition in federal court, petitioners are required to both (1) meet the statute of limitations requirements set forth in § 2244(d)(1) and (2) exhaust state judicial remedies by presenting the highest state court with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court, either on direct appeal or through collateral proceedings.  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  The state's highest court must be given an opportunity

3

to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process"). The exhaustion-of-state-remedies doctrine "reflects a policy of federal-state comity . . . designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal citations and quotation marks omitted). The court generally may not grant relief on an unexhausted claim. See 28 U.S.C. § 2254(b)(1).

Both the legal basis and the factual basis of the claim must be "fairly presented" to the state courts in order to exhaust. Picard, 404 U.S. at 275; Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. Picard, 404 U.S. at 277. The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 368 (1995). With regard to the factual basis for the claim, "the petitioner must only provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (alteration in original).

If state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Rose, 455

4

U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). The court may stay mixed petitions to allow the petitioner to exhaust in state court. Rhines v. Weber, 544 U.S. 269, 277 (2005). However, the district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. at 275-76. Because a stay has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. at 277. An assertion of good cause turns on whether the petitioner can set forth a reasonable excuse supported by sufficient evidence to justify the failure to exhaust. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (reversing denial of stay when petitioner supported his good cause argument with evidence including neuropsychological and psychological evaluations and many declarations); Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (upholding denial of stay because petitioner's incorrect "impression" that counsel had raised claims to the California Supreme Court on direct appeal did not establish good cause under Rhines for failure to exhaust claims earlier).

### III

Petitioner argues that the January 2013 denial of parole was unconstitutional in two ways. First, Petitioner argues that in considering his parole eligibility, the Board applied the current

5

versions of section 3041.5 of the California Penal Code and of section 2281(c) of Title 15 of the California Code of Regulations, rather than the versions that were in effect at the time of his conviction, thereby violating the Ex Post Facto Clause. Petitioner argues that the versions of the statute and regulation in effect at the time of his conviction required the Board to set a parole date for prisoners after 40 years of incarceration and would have resulted in a grant of parole. He argues that he is entitled to the annual parole hearings available under the prior version of section 3041.5. He also argues that the circumstances tending to show unsuitability for parole as set forth in the current section 3041.5(b)(3) have altered the legal consequences of his crime by effectively significantly increasing the punishment for his crime.

Petitioner's second argument as to why the 2013 denial of parole is unconstitutional is that the denial rendered his punishment grossly disproportionate to his individual culpability, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Petitioner has been incarcerated for 47 years.[1] Docket No. 1 at 3. This term, argues Petitioner, is far beyond the suggested base punishment term for his crime – "16-18-20 years", id., and therefore disproportionate to his culpability. Petitioner also argues that his high blood-alcohol level at the time of the crime should be taken into account when determining his culpability because it prevented him from forming the requisite intent to harm. Respondent argues that the petition should be dismissed because the

---

[1] Petitioner claims that he has served the equivalent of 62 years once his good-time credits are accounted for.

6

claims are both unexhausted and untimely.

A

Respondent argues that the petition is unexhausted because Petitioner failed to present his Ex Post Facto claim in the California Supreme Court and did not fairly present his Eighth Amendment claim to the state courts. To exhaust state remedies under 28 U.S.C. § 2254(b), a petitioner must give the state's highest court an opportunity to rule on the claims even if review is discretionary. See O'Sullivan, 526 U.S. at 845. Both the legal basis and the factual basis of the claim must be "fairly presented" to the state courts in order to exhaust. Picard, 404 U.S. at 275. To fairly present the legal basis of the claim, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. Id. at 277. To fairly present the factual basis of the claim, "the petitioner must only provide the state court . . .'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" Davis, 511 F.3d at 1009 (alteration in original).

In the petition for review presented to the California Supreme Court, Petitioner makes the following arguments: (1) Petitioner's blood alcohol level at the time of his arrest prevented him from forming the requisite intent to commit assault; (2) Petitioner's length of incarceration — 62 years when good-time and work-time credits are included — constitutes cruel and unusual punishment when measured against the statutory maximum for his crimes; and (3) the Board's January 17, 2013 denial of parole was improperly based on Petitioner's commitment offense. Docket No. 8

7

at 60.

It is clear from the face of the instant habeas petition that Petitioner has exhausted his Eighth Amendment claim of cruel and unusual punishment.  Respondent alleges that Petitioner's claim before the California Supreme Court was that his term was cruel and unusual because it was beyond the statutory maximum while in the instant petition Petitioner's claim is that the retroactive changes to parole statutes caused his term to become cruel and unusual.  Respondent is incorrect.  Petitioner makes both claims in the instant petition.  On page 3 of the instant petition, Petitioner argues:

> On 8/23/2013, the Superior Court of Contra Costa County denied a writ of habeas Corpus, upholding the 1/17/2013 denial of release by the California parole board, causing Morrison's term to have become a violation of the prohibition against cruel and unusual punishment, exceeding the statutory maximum allowed by the Legislature under § 2282, as by the end of the 1/17/2013 denial Morrison will have served 62 years on a 7 to life term where the suggested base term is 16-18-20 years and with the 4 months per year served, the 47 years will become 62.

Docket No. 1 at 3.  On page 11 of the memorandum of points and authorities attached to the instant petition, Petitioner argues:

> The boards retroactive application of multiple amendments of penal code section 3041.5, and the amended version of california administrative code, Title 15, section 2281, subdivision (c), enacted after the commission of the crime, violates the prohibition of the ex post facto clause under article I, section 10 of the U.S. Constitution, and Article I, section 9, of the California state constitution.

Docket No. 1-1 at 11 (emphasis in original omitted).  The Court finds that Petitioner properly exhausted his claim that his sentence constitutes cruel and unusual punishment because it is beyond the

8

statutory maximum.

However, Petitioner did not exhaust his claim that the Board's retroactive application of amended California parole statutes and regulations renders his sentence cruel and unusual. In the instant petition, Petitioner claims that the Board's application of the current versions of section 3041.5 of the California Penal Code (parole hearings) and section 2281(c) of title 15 of the California Code of Regulations(criteria for reviewing proposed parole decisions) rather than the versions that were in effect at the time of his conviction resulted in rendering his sentence cruel and unusual. In his petition for review, he references other statutes and regulations. He argues that the parole denial improperly relied on his commitment offense, in violation of section 3041 of the California Penal Code (parole release date), section 2402(c)-(d) of title 15 of the California Code of Regulations (suitability determination), and In re Lawrence, 44 Cal. 4th 1181 (Cal. 2008), which holds in relevant part that the petitioner's due process and statutory rights were violated when the governor relied upon the "immutable and unchangeable circumstances of her commitment offense in reversing the Board's decision to grant parole." In re Lawrence, 44 Cal. 4th at 1227. Accordingly, Petitioner's Eighth Amendment claim regarding the retroactive application of amended California parole statutes and regulations is unexhausted. See, e.g., Picard, 404 U.S. at 277 (the constitutional claim inherent in the facts presented must be brought to the attention of the state court).

Nor has Petitioner exhausted his Ex Post Facto claim. He

9

points to the following as proof that he exhausted his Ex Post Facto claim: (1) on page 6 of MC-275 (the form for federal habeas petitions), he describes his petition for review to the California Supreme Court as raising an Ex Post Facto claim, Docket No. 8 at 3 and Docket No. 1 at 6; (2) the Ex Post Facto claim was raised in the habeas petition filed with the Solano County Superior Court, Docket No. 8 at 5; and (3) he has raised this issue in previous habeas petitions, including "as far back as 1989, in the case numbered CIV 83-1320 RAR," Docket No. 8 at 5. Petitioner misunderstands the exhaustion requirement. AEDPA requires that Petitioner present the state's highest court – in this case, the California Supreme Court – an opportunity to rule on the claims.[2] See O'Sullivan, 526 U.S. at 845. Neither of Petitioner's latter two claims – that he presented his Ex Post Facto claim to the state superior courts or in prior federal habeas petitions – satisfies the exhaustion requirement. The question is whether Petitioner presented to the California Supreme Court the particular Ex Post Facto claim that the Board should have applied the versions of section 3041.5 of the California Penal Code (parole hearings) and section 2281(c) of Title 15 of the

---

[2] Of the two state habeas petitions filed in state superior court challenging his January 2013 parole denial, only the second petition, filed in Solano County Superior Court on the same day he filed his petition for review in the California Supreme Court, appears to raise an Ex Post Facto claim. Docket No. 8 at 45. It appears that Petitioner believes that he has exhausted his Ex Post Facto claim because he believes that the California Supreme Court considered both habeas petitions in denying review on November 26, 2013. Docket No. 3. This assumption is incorrect both factually and legally. As a factual matter, the California Supreme Court considered only the petition for review which Petitioner filed in its court and which is attached to Petitioner's opposition. The California Supreme Court did not consider any other habeas petitions.

10

California Code of Regulations (criteria for reviewing proposed parole decisions) that were in effect at the time of his conviction. Petitioner's only petition for review in the California Supreme Court regarding the denial of his January 2013 parole denial was filed on October 18, 2013. It does not present the above Ex Post Facto claim. The only claim in the October 18, 2013 petition for review that could possibly be read as an Ex Post Facto claim was Petitioner's third claim. But, as discussed above, this claim referenced different California statutes and regulations than those identified in the instant habeas petition. Accordingly, Petitioner failed to fairly present either the legal or factual basis of his Ex Post Facto claim to the California Supreme Court, and this claim is unexhausted. See, e.g., Gulbrandson, 711 F.3d at 1042.

Petitioner argues that if he failed to exhaust any claim, it is because exhaustion was futile because "the issue has recently been addressed adversely to [P]etitioner as in the case of In re Vicks (2013) 56 Cal. 4th 274 (3/4/13)." Docket No. 8 at 2. "[A] petitioner may be excused from exhausting state remedies if the highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner, in the absence of intervening United States Supreme Court decisions on point or any other indication that the state court intends to depart from its prior decisions." Sweet v. Cupp, 640 F.2d 233, 236 (9th Cir. 1981). In re Vicks, 56 Cal. 4th 274 (Cal. 2013), addresses whether applying the amended section 3041.5 of the California Penal Code violates the Ex Post Facto clauses of the state and federal constitutions. However, it does not address whether applying the amended section

11

2281(c) of title 15 of the California Code of Regulations violates the Ex Post Facto clauses of the state and federal Constitutions. Accordingly, the Court excuses Petitioner's failure to exhaust his claim that application of the amended section 3041.5 of the California Penal Code violates the Ex Post Facto clauses of the state and federal Constitutions.  Petitioner's failure to exhaust his claim regarding the amended section 2281(c) of title 15 of the California Code of Regulations is unexcused.

B

Respondent also argues that Petitioner's claims are untimely.  Specifically, Respondent notes that Petitioner's claims are based on the underlying argument that his maximum punishment term should be based upon the maximum term allegedly in effect at the time of his conviction, which he suggests is sixteen, eighteen or twenty years.  Following from that premise, Petitioner reasons that the failure to grant him parole after he has served the alleged maximum term renders his punishment cruel and unusual in violation of the Eighth Amendment, and is due to the improper application of current and amended California statutes and regulations in violation of the Ex Post Facto clause.  Under Petitioner's reasoning, he should have been released in 1994 (twenty years after he was incarcerated).  Respondent argues that Petitioner was therefore aware of the factual predicate of his claim the first time the Board denied him parole after 1994.

Under 28 U.S.C. § 2244(d)(1)(D), AEDPA's one-year limitation period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through

the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The time begins "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) (remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of ineffective assistance of counsel claim). Petitioner claims that under the California statutes and regulations in effect at the time of his conviction he should have been released on parole in 1994. Petitioner was therefore aware of the factual predicate of his claim (improper denial of parole) at the time of his first Board hearing after 1994, namely his October 17, 1996 parole hearing. At a minimum, his claims are 18 years overdue and therefore untimely.

IV

Petitioner appears to seek additional forms of relief in his opposition to the motion to dismiss. He seeks summary judgment, to stay and abey the case, and appointment of counsel. Docket No. 8. Since the Court has found that Petitioner's claims are unexhausted and/or untimely, the Court dismisses these motions as moot.

V

For the foregoing reasons, RESPONDENT'S motion to dismiss is GRANTED.

Further, a Certificate of Appealability is DENIED. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner

13

has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the U.S. Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk is directed to enter Judgment in favor of Respondent and against Petitioner, terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED  *02/19/2015*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.14\Morrison 14-0006. grant MTD.wpd